IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| WARREN COOMBS, | &#124; |
| | &#124; |
| Plaintiff, | &#124; |
| | &#124; |
| v. | &#124;   CIVIL ACTION NO. |
| | &#124;   3:19-cv-00054-CDL |
| | &#124; |
| JERE W. MOREHEAD, et al., | &#124; |
| | &#124; |
| Defendants. | &#124; |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR
<u>JUDGMENT ON THE PLEADINGS</u>**

Defendants submit this brief in support of their motion for judgment on the

pleadings, showing the Court as follows:

## I.      PLAINTIFF'S ALLEGATIONS AND CLAIMS

In considering a motion to dismiss for failure to state a claim,[1] the Court

must accept the factual allegations in the complaint as true and construe them in

the light most favorable to the plaintiff.  *Kyle K. v. Chapman*, 208 F.3d 940, 942

(11th Cir. 2000).  The court is to consider the factual averments to determine if they

plausibly suggest an entitlement to relief.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951

(2009).  Documents attached to a complaint are treated as part of the allegations.

*Solis-Ramirez v. U.S. Dept. of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985).  When

exhibits and averments are inconsistent, the exhibits control.  *Griffin Indus. v.*

---

[1] Motions under Rule 12(b)(6) and Rule 12(c) are decided by answering the same
question:  did the complaint state a claim.  *Strategic Income Fund, L.L.C. v. Spear,
Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002).

*Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).  In accordance with these principles, the complaint alleges as follows:

Plaintiff, a former University of Georgia student, was suspended and then ultimately expelled from the university following accusations of sexual misconduct. (Doc. 11-1 at 2, 4-5, 15-18, 22-25).  He was originally suspended in April 2016 and was expelled in June of that year.  (*Id.* at 4-5, 15-18, 22-25).  University President Morehead upheld the expulsion in September 2016, although Plaintiff contends that he was not aware of this ruling until January 2017.  (*Id.* at 6, 28-33, 36-41).  Much later, Plaintiff attempted an out-of-time appeal to the Board of Regents, which was denied.  (*Id.* at 6-7, 10, 29-67).

Plaintiff has now sued the Board of Regents and President Morehead alleging claims for violations of due process and breach of contract.  (*Id.* at 7).  He does not state whether his due process claim is one for substantive due process or procedural due process nor whether it is based on the United States or the Georgia Constitution.[2]  (*Id.*).  Exercising an abundance of caution, Defendants will presume that he intends to bring all such claims.  Plaintiff seeks injunctive relief and money damages.  (*Id.* at 8).

Claims against state officials in their official capacity are effectively claims against the state itself.  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  Plaintiff's

---

[2] Plaintiff quotes from both Constitutions in the Complaint.  (Doc. 1-1 at 1).

2

claims against Morehead in his official capacity are effectively claims against the State of Georgia and are treated as such herein.

## II.     ARGUMENT AND CITATION OF AUTHORITY

**A.     Plaintiff fails to state a federal claim**.

1.     *Plaintiff's federal claim is time barred*.

    a.     *Plaintiff's federal claim for money damages is barred by the statute of limitations*.

A defendant has the initial burden of demonstrating that the statute of limitations is applicable. *Blue Cross and Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1552 n.13 (11th Cir. 1990).  Dismissal based on the statute of limitations is appropriate if it is apparent from the face of the complaint that the claim is time-barred.  *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Section 1983 actions in Georgia are governed by Georgia's two-year statute of limitations for personal injuries.  *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33.

Although state law provides the limitations period, federal law determines when a federal civil rights claim accrues.  *Wallace v. Kato*, 127 S.Ct. 1091, 1095 (2007); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996).  The statute of limitations begins to run when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).  Thus, civil rights actions accrue "when the wrongful act or omission results in damages."  *Wallace*,

549 U.S. at 391; *see also Rozar*, 85 F.3d at 562. "The cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace*, 549 U.S. at 391.

Statutes of limitations "have long been respected as fundamental to a well-ordered judicial system." *Mejia-Rodriguez v. Reno*, 178 F.3d 1139, 1145 (11th Cir. 1999). They "serve important purposes in promoting the fair administration of justice" as they "embody the recognition that the defendant's interest in promptly facing the plaintiff's claims along with the court's interest in hearing only claims that a plaintiff has diligently pursued can trump the plaintiff's right to assert even the most meritorious of claims." *Arce v. Garcia*, 434 F.3d 1254, 1260-61 (11th Cir. 2006).

Plaintiff was aware of his suspension in April 2016 and his expulsion in June 2016. (Doc. 1-1 at 4-5). Plaintiff by that point was aware of what had occurred and how much process he had received. His cause of action therefore accrued no later than the June 2016 expulsion. *Wallace*, 549 U.S. at 391; *see also Rozar*, 85 F.3d at 562. Moreover, even if the Court were to presume that the action did not accrue until Plaintiff learned of Morehead's affirmance of the expulsion, that occurred no later than January 2017. (Doc. 1-1 at 30, 39, 40). By any effective measure, the statute of limitations ran in January 2019 *at the very latest*. This matter was not filed until April 17, 2019. (Doc. 1-1 at 1). Any federal constitutional claim is therefore time barred.

4

      b.    *Plaintiff's federal claim for equitable relief is barred by the doctrine of laches.*

Laches applies to a request for equitable relief when (1) there was a delay in asserting the claim; (2) the delay was not excusable; and (3) the delay caused the non-moving party undue prejudice. *United States v. Barfield*, 396 F.3d 1144, 1150 (11th Cir. 2005). As to prejudice, a presumption of prejudice applies where the applicable statute of limitations has run. *See Watz v. Zapata Off-Shore Co.*, 500 F.2d 628, 633 (5th Cir. 1974); *McMahon v. Pan American World Airways, Inc.*, 297 F.2d 268, 270 (5th Cir. 1962).

This matter was not filed until more than three years after Plaintiff's initial suspension. (Doc. 1-1 at 4). Plaintiff has had access to legal counsel for most, if not all, of that time period. (*Id.* at 5, 26-27). Prejudice is presumed as the statute of limitations has run. *Williams*, 794 F.2d at 626; O.C.G.A. § 9-3-33; *Watz*, 500 F.2d at 633; *McMahon*, 297 F.2d at 270. Additionally, Defendants would be prejudiced in defending this case as memories have no doubt been lost during the three-year wait. Plaintiff's injunctive relief claim is barred.

2.    *Plaintiff's federal claim against the BOR and Morehead in his official capacity is barred.*

      a.    *Plaintiff's federal claim against these Defendants for money damages is barred by the Eleventh Amendment.*

The Eleventh Amendment bars actions against a State or one of its agencies, departments or officials, absent a waiver by the State or a valid congressional override, when the State is the real party in interest or when any monetary

recovery would be paid from State funds. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). *See also Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984). The immunity provided by the Eleventh Amendment applies both to states and to those entities that are considered "arms of the state." *See, e.g., Fouche v. Jekyll Island State Park Auth.*, 713 F.2d 1518, 1520 (11th Cir. 1983). Congress did not intend for § 1983 to disturb the immunity to States provided by the Eleventh Amendment and alter the federal-state balance. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 65 (1989).

These Defendants have not consented to be sued under 42 U.S.C. § 1983. The Georgia Constitution provides that "[n]o waiver of sovereign immunity . . . shall be construed as a waiver of any immunity provided to the state or its departments, agencies, officers, or employees by the United States Constitution." Ga. Const. Art. 1, § 2, ¶ 9(f). Therefore, these Defendants have not waived the immunity provided to them under the Eleventh Amendment and Plaintiff's federal claim for money damages against them fails as a matter of law.

      b.    *Plaintiff's federal claim against these Defendants for equitable relief is barred by the Eleventh Amendment.*

Under the legal fiction created by *Ex Parte Young*, a plaintiff may obtain injunctive relief against state officials in their official capacities—but not against the State or State agencies directly—and even then only to the extent that he can show a violation of the applicable substantive law. 209 U.S. 123 (1908). *Young* creates no substantive rights; it merely provides a process by which rights may be

6

enforced.    Moreover, the *Young* exception to immunity applies only where the plaintiff is "seeking *prospective* equitable relief to end *continuing* violations of federal law." *Summit Med. Assocs, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999) (emphasis in original).   Here, Plaintiff seeks prospective relief for an alleged past violation.  (*See generally* Doc. 1-1 at 1-70).   *Young* is not available under such circumstances:  "a plaintiff may not use the doctrine to adjudicate the legality of past conduct." *Summit Med. Assocs.*, 180 F.3d at 1337.   Plaintiff therefore cannot obtain relief under *Young*.

      c.    *These Defendants are not "persons" amenable to suit under § 1983.*

The specific language of § 1983 allows plaintiffs to sue only "person[s]" who violate their civil rights.   42 U.S.C. § 1983.   In interpreting this statute, federal courts have clearly ruled that neither a state governmental entity nor a state governmental official acting in his official capacity is a "person" within the meaning of § 1983. *Will,* 491 U.S. at 71.   The statutory language of 42 U.S.C. § 1983 "creates no remedy against a State." *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 69 (1997).

To the extent that Plaintiff sues the Board of Regents or Morehead in his official capacity, he sues the State of Georgia.   The State, however, is not a person under § 1983, and, thus, cannot be a defendant in a § 1983 action.   Accordingly, Plaintiff fails to state a claim against them.

3.   *Plaintiff fails to state a federal claim against Morehead in his individual capacity.*

    a.   *Plaintiff cannot obtain injunctive relief against Morehead in his individual capacity.*

Claims for injunctive relief may be brought against public officials only in their official capacity, not their individual capacity.  *See Jones v. Buckner*, 963 F.Supp. 2d 1267, 1281 (N.D. Ala. 2013); *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011); *Greenawalt v. Ind. Dept. of Corr.*, 397 F.3d 587, 589 (7th Cir. 2005); *Wolfe v. Strankman*, 392 F.3d 358, 360 n.2 (9th Cir. 2004).   Accordingly, Plaintiff cannot obtain an injunction against Morehead in his individual capcity.

    b.   *Plaintiff fails to allege a due process violation.*

The Fourteenth Amendment's Due Process clause provides two types of protection:  (1) substantive due process; and (2) procedural due process.  *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994) (en banc).  The substantive component of the clause protects those rights that are "fundamental," that is, rights that are "implicit in the concept of ordered liberty."  *Palko v. Connecticut*, 302 U.S. 319, 325 (1937).  Procedural due process is a guarantee of fair procedures whereby the state may not deprive a person of life, liberty or property without providing "appropriate procedural safeguards."   *Daniels v. Williams*, 474 U.S. 327 (1986).   "The fundamental requirement of [procedural] due process is the opportunity to be heard."  *Parratt v. Taylor*, 451 U.S. 527, 540 (1981).

Areas in which rights are created only by the state are not subject to substantive due process protection. *McKinney*, 20 F.3d at 1556. Instead state law can give rise to a liberty interest for purposes of procedural due process when state-created procedures place substantive limitations upon official discretion. *See Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999).

        i.    *Plaintiff has not alleged a substantive due process violation.*

Substantive due process protects "fundamental" rights, those implicit in the concept of ordered liberty. *McKinney*, 20 F.3d at 1556. A finding that a right merits substantive due process protection means that the right is protected "against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Collins v. City of Harker Heights*, 503 U.S. 115, 125(1992). Education is not among the rights afforded explicit or implicit constitutional protection. *See Goss v. Lopez*, 419 U.S. 565, 579 (1975) ("The Due Process Clause will not shield [a student] from suspensions properly imposed"). Both the U.S. and Georgia Supreme Courts have clearly ruled that there is no fundamental constitutional right to education. *Plyler v. Doe*, 457 U.S. 202, 221 (1982) ("Public education is not a 'right' granted to individuals by the Constitution"); *Wells v. Columbus Tech. College*, 510 Fed.Appx. 893, 896 (11th Cir. 2013).

Any "right" Plaintiff asserts was neither a fundamental right enumerated in the Bill of Rights nor implicit in the concept of ordered liberty. Accordingly, he fails to state a substantive due process claim.

9

ii.   *Plaintiff has not alleged a procedural due process violation.*

When—as here—a party complains that a state failed to provide adequate process, he raises only a procedural process claim. *McKinney*, 20 F.3d at 1559. Procedural due process violations are not complete unless and until the state refuses to provide due process. *Id.* at 1562. The state can cure a procedural deprivation by providing a later procedural remedy. *Id.* at 1557. Only when the state refuses to provide a process sufficient to remedy the deprivation does a constitutional violation become actionable under § 1983. *Id.*

Under Georgia law, "whenever, from any cause, a defect of legal justice would ensue from a failure to perform or from improper performance, the writ of mandamus may issue to compel a due performance . . . ." O.C.G.A. § 9-6-20. "Mandamus is ordinarily considered as a remedy for official inaction." *Coastal Service, Inc., v. Jackson*, 223 Ga. 238, 239 (1967). This procedure can be used to compel a governmental body to hold a required hearing. *See Cotton v. Jackson*, 216 F.3d 1328, 1332 (11th Cir. 2000).

To the extent that Plaintiff contends that Defendants failed to provide him with any required process or decisionmaking,[3] he had an adequate state remedy:  a petition for a writ of mandamus. The availability of the state remedy means that the procedural due process claim asserted does not exist. *See Horton v. Bd. of*

---

[3] Defendants do not in any way concede that Plaintiff was denied any required process. If there was no mandatory procedure that was denied which could then have been enforced through the mandamus process, then no required process was denied to Plaintiff.

*County Comm'rs*, 202 F.3d 1297, 1300 (11th Cir. 2000) ("If state court could [provide an adequate remedy], then there is no federal due process violation regardless of whether the plaintiff has taken advantage of the state remedy or attempted to do so"); *Wells v. Columbus Tech. College*, 510 Fed.Appx. 893, 897 (11th Cir. 2013). Accordingly, Plaintiff fails to state a procedural due process claim.

        c.     *Morehead is entitled to qualified immunity.*

Qualified immunity protects governmental defendants sued in their individual capacities so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). The immunity protects from suit all but the plainly incompetent or those who knowingly violate federal law. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). The relevant question to be answered is the "objective (albeit fact specific) question," of whether a "reasonable officer" would have believed the defendant's action to be lawful in light of clearly established law and the information possessed by the defendant. *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The public official must first show that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. *Vinyard*, 311 F.3d at 1346. The burden then shifts to the plaintiff to show that immunity is not appropriate. *Id.* To carry that burden, the plaintiff must show that the constitutional right asserted was clearly established at the time the alleged

violation occurred. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). The "salient question" is whether the state of the law at the time of the incident gave the defendant "fair and clear warning" that his conduct with respect to the plaintiff was unconstitutional. *Id.* at 746. Liability only attaches if "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *United States v. Lanier*, 520 U.S. 259, 270 (1997).

For the reasons argued above, Plaintiff failed to state a constitutional claim. Even if he did allege a constitutional violation, however, that violation was not clearly established when he was removed from school. No court with the ability to bind this one has found a fundamental constitutional right to an education. The law is clear that the availability of the mandamus remedy bars any procedural due process claim related to post-deprivation process. *Coastal Service*, 223 Ga. at 239; *Cotton*, 216 F.3d at 1332; *Horton*, 202 F.3d at 1300. No case provides the required "fair and clear warning" that Morehead's conduct with respect to Plaintiff was unconstitutional. *Hope*, 536 U.S. at 746. Accordingly, he is entitled to qualified immunity.

**B.   Plaintiff fails to state a state-law claim.**

1.   *Plaintiff fails to state a claim under the Georgia Constitution.*

There is no state "equivalent to 42 U.S.C. § 1983," providing a cause of action for violation of the state constitution. *Howard v. Miller*, 222 Ga. App. 868, 872 (1996); *accord Davis v. Standifer*, 275 Ga. App. 769, 772 n. 2 (2005); *Draper v.*

*Reynolds*, 278 Ga. App. 401, 403 n. 2 (2006).  Therefore, Plaintiff cannot pursue any claim for violation of the State Constitution.

2.    *Plaintiff fails to state a claim for breach of contract.*

Plaintiff can have no contract claim based on the hearing procedures set forth in the student handbook as such would not create enforceable contract terms.  The State has waived its sovereign immunity to contract claims only "for the breach of any written contract existing on April 12, 1982, or thereafter entered into by the state, departments and agencies of the state, and state authorities."  O.C.G.A. § 50-21-1(a); *see also Wilson v. Bd. of Regents of Univ. System of Ga.*, 262 Ga. 413, 414 (1992); *Bd. of Regents of Univ. System of Ga. v. Tyson*, 261 Ga. 368, 369-70 (1991).  The asserted policy manual would not constitute the required *signed* contract.  *See Tyson*, 261 Ga. at 369-70.  Moreover, in Georgia, a manual setting forth procedures does not constitute a contract that is breached if those procedures are not followed.  *See Ellison v. DeKalb County*, 236 Ga.App. 185, 186-87 (1999); *Jones v. Chatham County*, 223 Ga.App. 455, 459 (1996).  Accordingly, Plaintiff cannot pursue a breach-of-contract claim based on the student handbook.

3.    *Plaintiff's state-law claims for equitable relief are barred by sovereign immunity.*

Plaintiff's claim for injunctive relief, to the extent that such a claim is based on state law, is are barred by the Georgia Constitution. In the absence of a specific statutory waiver, the constitutional doctrine of sovereign immunity bars claims for declaratory and injunctive relief against the State, its departments and agencies,

and its officers and employees in their official capacities.  *See Lathrop v. Deal*, 301 Ga. 408, 408-09, 444 (2017); *Walker v. Owens*, 298 Ga. 516 (2016); *Olvera v. University System of Georgia's Board of Regents*, 298 Ga. 425 (2016); *Georgia Dep't of Natural Resources v. Center for a Sustainable Coast, Inc.*, 294 Ga. 593 (2014). Sovereign immunity also bars suits against officers or employees in their individual capacities "to the extent that the State itself could be said to be the real party in interest." *Lathrop*, 301 Ga. at 413–14 (setting out common-law real-party-in-interest rule); *id.* at 422 ("[T]he 1991 amendment carried forward the constitutional reservation of sovereign immunity at common law as it was understood in Georgia").  "[W]hen the real claim is against the state itself," a plaintiff may not evade sovereign immunity's bar by naming a state officer individually. *Cannon v. Montgomery*, 184 Ga. 588, 591 (1937); *see also Printup v. Cherokee R.R. Co.*, 45 Ga. 365, 367 (1872) ("[T]he State cannot be made a party to this suit against or without her consent, and this cannot be gotten around by making her agent a party.").

Broadly speaking, the State is the real party in interest when it "has a distinct and direct interest in the subject matter of the litigation, as distinguished from its mere governmental interest in the enforcement of its laws for the general welfare." *Musgrove v. Ga. R.R. & Banking Co.*, 204 Ga. 139, 157 (1948). The Board of Regents, not any individual state officers or employees, is the real party in interest, and any injunctive relief Plaintiff seeks would affect the Board's ability and authority to manage its educational process and the safety of persons on its

campuses.   Any injunctive relief would impair or affect the interests of the State. *Lathrop*, 301 Ga. at 414; *Musgrove*, 204 Ga. at 154–55. Plaintiff's injunctive relief claim against Defendants should be dismissed.

### III.   CONCLUSION

For the foregoing reasons, Defendants submit that their motion for judgment on the pleadings should be granted.

Respectfully submitted this 12th day of July, 2019.

> CHRISTOPHER M. CARR  112505
> Attorney General
>
> KATHLEEN M. PACIOUS 558555
> Deputy Attorney General
>
> /s/ Susan E. Teaster
> SUSAN E. TEASTER 701415
> Senior Assistant Attorney General
>
> /s/ Laura L. Lones
> LAURA L. LONES 456778
> Senior Assistant Attorney General
>
> Attorneys for Defendants

Please Serve:
LAURA L. LONES
Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
Telephone: (404) 463-8850
Facsimile:  (404) 651-5304
E-mail: llones@law.ga.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed **DEFENDANTS'**

**BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE**

**PLEADINGS** with the Clerk of Court using the CM/ECF system which will

automatically send email notification of such filing to Plaintiff's attorney of

record and also sent a copy by U.S. Mail addressed to:

Benjamin Allen
P.O. Box 156
Augusta, Georgia  30903

This 12th day of July, 2019.

/s/ Laura L. Lones
Georgia Bar No. 456778
Senior Assistant Attorney General