```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                           ATHENS DIVISION
```

| | | |
|---|---|---|
| WARREN COOMBS, | * | |
| Plaintiff, | * | |
| vs. | * | |
| JERE W. MOREHEAD and BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, | * * | CASE NO. 3:19-CV-54 (CDL) |
| Defendants. | * | |

O R D E R

Warren Coombs was a student at the University of Georgia. He claims that he was expelled from UGA without a meaningful opportunity to be heard, in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. He brought this action under 42 U.S.C. § 1983 against UGA President Jere Morehead and the Board of Regents of the University System of Georgia. In addition to his § 1983 claim, Coombs asserts a state law claim for breach of contract and claims under the Georgia constitution's due process and equal protection clauses. Defendants filed a motion for judgment on the pleadings (ECF No. 4).

Coombs now agrees that he may not pursue his claims against the Board of Regents or Morehead in his official capacity. Pl.'s Resp. to Defs.' Mot. for J. on the Pleadings 8, ECF No. 8;

*see also Kentucky v. Graham*, 473 U.S. 159, 165-66, (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' " (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Accordingly, Defendants' motion for judgment on the pleadings is granted as to Coombs's claims against the Board of Regents and Morehead in his official capacity, which leaves for resolution Coombs's § 1983 claim against Morehead in his individual capacity and his state law claims.

As discussed below, Coombs's §1983 claim against Morehead individually is barred by the applicable statute of limitations, and Morehead is entitled to judgment on the pleadings as to that claim.  With Coombs's action now whittled down to only his claims under state law, the Court finds no reason for those state law claims to be decided in federal court. Accordingly, the Court declines to exercise supplemental jurisdiction over those remaining state law claims and remands this action to the state court from which it was removed for the final resolution of those claims.

## STANDARD

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."  *Cannon v. City of W. Palm Beach*,

2

250 F.3d 1299, 1301 (11th Cir. 2001). In deciding a motion for judgment on the pleadings, the Court "must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Id.*

## FACTUAL ALLEGATIONS

Coombs was a student at UGA. In early 2016, UGA's Equal Opportunity Office ("EOO") received allegations that Coombs engaged in non-consensual sexual activity with two UGA students, in violation of the school's Non-Discrimination and Anti-Harassment Policy. Coombs denied the allegations. Coombs was suspended from UGA pending an investigation. By letter dated June 10, 2016, the EOO notified Coombs that it had investigated the allegations of misconduct and found the allegations to be credible. The EOO further notified Coombs that he was expelled from UGA. Coombs alleges that he was expelled without "any opportunity to challenge the credibility of the adverse witnesses' statements against him," without being provided "any information relevant to the alleged act of misconduct," and without being provided "a list of adverse witnesses and a summary of their testimony." Compl. ¶¶ 14-16, ECF No. 1-1.

Coombs timely appealed his expulsion to Morehead, arguing in part that he had not received adequate process in the proceeding before the EOO. By letter dated September 8, 2016, Morehead denied Coombs's appeal and upheld the expulsion. *Id.*

3

¶ 19. The letter stated that if Coombs wished to appeal Morehead's decision, he "may submit an application for discretionary review" to the Board of Regents' Vice Chancellor for Legal Affairs "within twenty (20) calendar days from the date of this letter." Compl. Ex. H, Letter from J. Morehead to W. Coombs (Sept. 8, 2016), ECF No. 1-1 at 28. The letter was addressed to Coombs at his UGA email address, which was disabled when Coombs was suspended. It was not mailed to Coombs or to his lawyer. As a result, Coombs did not receive the letter until January 2017. Compl. ¶¶ 21-22; Compl. Ex. I, Letter from B. Allen to S. Burch (Aug. 29, 2018) ("Appeal Letter"), ECF No. 1-1 at 29-30; Appeal Letter Ex. C, Text Message (Jan. 22, 2017), ECF No. 1-1 at 39 (forwarding Morehead's September 8, 2016 letter). More than nineteen months later, on August 29, 2018, Coombs's attorney sent a letter to Board of Regents' Vice Chancellor for Legal Affairs requesting an out-of-time appeal of Morehead's September 8, 2016 ruling. On January 7, 2019, the Board of Regents' Office of Legal Affairs declined Coombs's request for review as untimely because he received notice of Morehead's decision in January 2017.

## DISCUSSION

Defendants argue that Coombs's § 1983 claims are time-barred. The Court agrees. "The forum state's statute of limitations for personal injury actions applies to § 1983

4

claims, which in Georgia is two years." *Bell v. Metro. Atlanta Rapid Transit Auth.*, 521 F. App'x 862, 864 (11th Cir. 2013) (per curiam) (citing *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (per curiam)); *accord* O.C.G.A. § 9-3-33. The statute of limitations begins to run when "the facts supporting the 'cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Id.* (quoting *Lovett*, 327 F.3d at 1182).

Here, it should have been apparent to Coombs by January 22, 2017 that he had been expelled from UGA and that Morehead had upheld the expulsion. At that time, Coombs knew what process he had received during the proceedings. And, it was apparent from Morehead's letter that if Coombs wanted to pursue a discretionary review with the Board of Regents' Office of Legal Affairs, he should submit an application within twenty days after receiving Morehead's letter. When he failed to do so, the expulsion decision became final. Coombs, however, argues that his procedural due process claim was not ripe until he received notice that the Office of Legal Affairs rejected his request for an out-of-time appeal, which was made more than nineteen months after he received notice that Morehead upheld his expulsion and gave him twenty days to appeal to the Board of Regents' Vice Chancellor for Legal Affairs. Coombs did not point to any authority suggesting that his procedural due process claim did

5

not *accrue* until after he decided to seek an out-of-time appeal or that a plaintiff can, by delaying pursuit of state remedies or by declining to pursue them altogether, delay accrual of his procedural due process claims.

Coombs argues that the Eleventh Circuit held in *Cotton v. Jackson*, 216 F.3d 1328 (11th Cir. 2000) (per curiam) that a procedural due process claim does not *accrue* until it is shown that the plaintiff has no adequate state remedies. That is not what the Eleventh Circuit held. Rather, the Eleventh Circuit held that the district court erred in denying the defendant's motion for summary judgment because the plaintiff *failed to state* a procedural due process claim on the merits since the plaintiff failed to show that no adequate state remedies were available to remedy the alleged procedural deprivations. *Id.* The Eleventh Circuit emphasized that the "inadequate state procedures" rule "is not an exhaustion requirement." *Id.* at 1331 & n.2. The Eleventh Circuit acknowledges that it has sown confusion by stating that procedural due process claims do not become "complete" or "ripe" until the state refuses to provide due process. *Horton v. Bd. of Cty. Comm'rs of Flagler Cty.*, 202 F.3d 1297, 1301 (11th Cir. 2000). The Eleventh Circuit stated that these were "unfortunate" analogies and emphasized that procedural due process claims dismissed as "incomplete" were *not* unripe; instead, they failed *on the merits* because state law

6

provided an adequate remedy. *Id.* Furthermore, at least one panel of the Eleventh Circuit has concluded that a plaintiff's procedural due process claims accrued when he knew all of the relevant facts as to that claim. *Bell*, 521 F. App'x at 865 (finding that the plaintiff's procedural due process claim accrued when he resigned without a name clearing hearing after learning that his employer recommended termination of his employment for helping a coworker make unauthorized equipment purchases). Accordingly, the Court finds that Coombs's procedural due process claim accrued when the expulsion decision became final, which happened in mid-February 2017 because Coombs received Morehead's letter by January 22, 2017 and did not seek a discretionary review by the Board of Regents' Vice Chancellor for Legal Affairs within twenty days.[1] He did not file this action until more than two years later, on April 17, 2019.

Coombs argues that even if his procedural due process claim accrued when his expulsion became final (after he received Morehead's letter and failed to file a timely application for discretionary review), the statute of limitations for that claim

---

[1] Had Coombs filed a valid application for discretionary review, his expulsion would not have been final—and any procedural due process claim would not have accrued—until he received a final decision from the Office of Legal Affairs. But, he did not seek a discretionary review until nineteen months after he received Morehead's letter, and Coombs's request for an out-of-time appeal was denied because he waited so long to make the request. The Court does not understand Coombs to be making any claim that his due process rights were violated when the Office of Legal Affairs denied his request for an out-of-time appeal.

7

was tolled under O.C.G.A. § 9-3-99.  Under that statute, the "running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated."  O.C.G.A. § 9-3-99.  Coombs argues that he is the victim of a crime that arises out of the facts giving rise to this action because he "was falsely accused of committing a crime" by the two accusers in January and February 2016.  Pl.'s Surreply Br. 6, ECF No. 13.

Coombs contends that the statute of limitations was tolled until June 5, 2018, which is the date the State filed a Notice of Dismissal of Warrants ending *his* criminal prosecution for rape and aggravated sodomy.  Compl. Ex. E, Notice of Dismissal of Warrants, ECF No. 1-1 at 65.  Coombs did not, however, allege or present any evidence that his accusers were ever prosecuted for making a false report.  Thus, to the extent that Coombs is attempting to argue that O.C.G.A. § 9-3-99 tolled the limitation period until January or February 2018—the expiration date for the misdemeanor offense of false report—the Georgia Court of

Appeals has rejected that interpretation of the statute.[2] Instead, the Georgia Court of Appeals concluded that O.C.G.A. § 9-3-99 only tolls the statute of limitation while the *prosecution is pending*, not until the expiration date for prosecution of the alleged offense. *See Forbes v. Smith*, 790 S.E.2d 550, 552 (Ga. Ct. App. 2016) (finding that the limitation period for the defendant's uniform traffic citation tolled the statute of limitations for the plaintiff's personal injury claim only until the uniform traffic citation was terminated, even though prosecution *could have* recommenced under a new uniform traffic citation). Accordingly, O.C.G.A. § 9-3-99 did not toll the statute of limitations for Coombs's claims.

CONCLUSION

For the reasons set forth above, Defendants' motion for judgment on the pleadings is granted as to all of Coombs's claims against the Board of Regents and Morehead in his official capacity. Coombs's § 1983 claims against Morehead in his individual capacity are also dismissed. The § 1983 claims were the only claims over which this Court had original jurisdiction. The Court declines to exercise supplemental jurisdiction over the remaining state law claims against Morehead in his individual capacity. *See* 28 U.S.C. § 1367(c)(3). Accordingly,

---

[2] Under O.C.G.A. § 16-10-26, it is a misdemeanor for a person to give a false report of a crime to a law enforcement officer or agency of the state. And, under O.C.G.A. § 17-3-1(e), prosecution of misdemeanors must be commenced within two years after the commission of the crime.

9

this action is remanded to the Superior Court of Clarke County, Georgia, for the resolution of Coombs's state law claims.

IT IS SO ORDERED, this 16th day of August, 2019.

                                            S/Clay D. Land
                                            CLAY D. LAND
                                            CHIEF U.S. DISTRICT COURT JUDGE
                                            MIDDLE DISTRICT OF GEORGIA